AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| COLLEEN SIMPSON, | ) Case No. 19-6514-SELTZER |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 27, 2019** in the county of **Broward** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title31, U.S.C. Section 5332 | Bulk cash smuggling |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

SA Rafael Moronta, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct. 28, 2019

*Judge's signature*

City and state: Fort Lauderdale, Florida

BARRY S. SELTZER, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Rafael Moronta, being duly sworn, do hereby depose and state:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in Fort Lauderdale, Florida, and have been so employed since 2011. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 8, 18, 21 and 31 of the United States Code. As an HSI Special Agent, I have participated in multiple narcotics investigations involving physical and electronic surveillance, execution of search, seizure and arrest warrants, investigation of international drug importations and domestic drug distribution organizations, as well as investigations involving the transport of large quantities of cash, concealed or otherwise.

2. This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging COLEEN ANGELINE SIMPSON with bulk cash smuggling, in violation of Title 31, United States Code, Section 5332. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the details of the investigation of which I am aware. However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

3. On October 27, 2019, at approximately 4:00 p.m., COLEEN ANGELINE SIMPSON boarded JetBlue flight 875 to Kingston, Jamaica at Fort Lauderdale-Hollywood International Airport (FLL) in Fort Lauderdale. SIMPSON is a naturalized U.S. citizen.

4. After boarding her flight at FLL, SIMPSON's checked luggage was inspected by the Transportation Security Administration (TSA), at which point the x-ray revealed an anomaly in the rear lining of the bag. TSA advised U.S. Customs and Border Protection (CBP) about the findings.

5. CBP responded to SIMPSON's departure gate and had SIMPSON removed from the aircraft. Upon her removal, SIMPSON was asked to answer questions found on the CP-503 "Currency Reporting" form. Prior to answering the questions, SIMPSON stated to the CBP officers that the luggage in question was hers and that she packed it herself. SIMPSON was asked how much currency or monetary instruments she was transporting and whether she was transporting more than $10,000 for herself or anyone else. SIMPSON responded that she was not and that she had a total of $400 in her possession. After CBP x-rayed and inspected the bag, CBP officers discovered a false sided bottom which concealed a vacuum sealed package found to contain $43,000 U.S. dollars.

6. In a post-<u>Miranda</u> statement, SIMPSON advised that she was going to Jamaica to celebrate her birthday, had paid for the trip herself and was to stay at her late mothers' home for the duration of her trip. SIMPSON also said she has been a "nail tech" for about 15 years, earns $1200 a month, and pays rent of $1500 a month. SIMPSON is the sole provider of her 10-month-old daughter who she was traveling with on this trip to Jamaica.

7. SIMPSON also said that she's had this luggage for about 2 years which was given to her by a guy she only knew as "Steve." SIMPSON advised she had used the luggage on two prior occasions including a trip to Mexico. She admitted that she recognized the luggage in question and that it was hers and she packed it herself. A narcotic sniffing canine alerted to the scent of narcotics on the bundle of currency seized from the bag carried by SIMPSON.

8. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about October 27, 2019, in Broward County, in the Southern District of Florida, COLEEN

ANGELINE SIMPSON, did knowingly and with intent to evade a currency reporting requirements, conceal more than $10,000 in currency or monetary instruments and attempt to transport or transfer such currency or monetary instrument from a place within the U.S. to a place outside the U.S. in violation of Title 31, United States Code, Section 5332.

FURTHER AFFIANT SAYETH NAUGHT.

RAFAEL MORONTA
Special Agent
Department of Homeland Security
Homeland Security Investigations

Subscribed to and sworn before me this ____ day of October, 2019.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE